08-0995-ag
Al-Muntasr v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand ten.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
          DENNY CHIN,
                    *Circuit Judges.*

-----------------------------------------------------------------

ABDO THABET ABDULRAB AL-MUNTASR,
a/k/a ABDO THABET ABDULRAB AL-
MONTASR, a/k/a ABDO AL MONTSR, a/k/a
ABDO ALMUNTASR, a/k/a ABDOTHABALAB
ALMUNTASR,

                    *Petitioner,*

          v.                                      No. 08-0995-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[1]

                    *Respondent.*

-----------------------------------------------------------------

APPEARING FOR PETITIONER:    JORGE GUTTLEIN, Guttlein & Associates, PC,
                             New York, New York.

---

[1] Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent. See Fed. R. App. P. 43(c)(2).

APPEARING FOR RESPONDENT:   CARMEL A. MORGAN, Trial Attorney (Tony West, Assistant Attorney General, Barry J. Pettinato, Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Abdo Thabet Abdulrab Al-Muntasr, a native and citizen of Yemen, seeks review of a February 4, 2008 order of the BIA affirming an Immigration Judge's ("IJ") April 24, 2006 denial of Al-Muntasr's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Al Muntasr, No. A 073 043 278 (B.I.A. Feb. 4, 2008), aff'g No. A 073 043 278 (Immig. Ct. New York City Apr. 24, 2006). We review the IJ's decision as supplemented by the BIA, see Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005), examining factual findings under the "substantial evidence" standard and reviewing legal conclusions de novo, see Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). In applying these standards, we assume familiarity with the facts and procedural history.

Al-Muntasr contends that the IJ denied him due process by refusing to admit the testimony of a proposed expert witness. An alien subject to removal proceedings is entitled to due process, see Reno v. Flores, 507 U.S. 292, 306-07 (1993), including "a reasonable opportunity . . . to present evidence on [his] own behalf," 8 U.S.C. § 1229a(b)(4)(B). Due

process is violated where such an alien is "denied a full and fair opportunity to present [his] claims," Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted), resulting in "cognizable prejudice," Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).

Here, Al-Muntasr proposed to call Musa Ahmed Ahmed Ali, a Yemeni native, United States citizen, and sheik of the Yemeni "Al Rohan" tribe, to testify as an expert witness about the "100 year blood feud" between Al-Muntasr's own hereditary tribe and a neighboring tribe. Although Al-Muntasr presented a letter briefly describing Ali's background and the proposed substance of his testimony, and Ali himself was present at the proceeding, the IJ precluded Ali's testimony without further inquiry, finding that Al-Muntasr had offered "no prima facie evidence . . . that would qualify this witness as an expert, for example, a curriculum vitae."

The IJ's refusal to hear Ali's testimony was questionable. Nevertheless, we need not decide whether it was an abuse of discretion. Even if we were to resolve the question in Al-Muntasr's favor, we would not grant his petition. This is because Al-Muntasr has failed to show that the alleged error resulted in any prejudice. See Garcia-Villeda v. Mukasey, 531 F.3d at 149. The IJ explained that even if she had credited Al-Muntasr's account of the tribal conflict, she would not have found him to have demonstrated the requisite well-founded fear of persecution. Al-Muntasr testified that his brother, like Al-Muntasr himself, was in line to become the tribal leader, and therefore a target of the neighboring tribe. Because the

3

brother had avoided that danger by renouncing his succession, the IJ reasonably concluded that Al-Muntasr could do likewise, precluding a well-founded fear of likely persecution.[1] Indeed, when asked why he had not renounced succession as his brother had, Al-Muntasr replied: "I'm going to think about that. I don't know." At no stage of the proceedings has Al-Muntasr offered a plausible reason why following in his brother's footsteps would not allow him to avoid persecution. Thus, even if Ali had been permitted to offer expert testimony as to the tribal feud, Al-Muntasr has not demonstrated a "reasonable probability" that the outcome of his case would have been different if such testimony had been received. United States v. Copeland, 376 F.3d 61, 73 (2d Cir. 2004). Accordingly, his due process claim fails.

We likewise reject Al-Muntasr's challenge to the IJ's finding that petitioner failed to carry his burden of proof with respect to his withholding and CAT claims. The IJ's determination that Al-Muntasr had not established that it was more likely than not that he would be persecuted or tortured if he returned to Yemen was supported by substantial evidence, see 8 U.S.C. § 1252(b)(4)(B); Chuilu Liu v. Holder, 575 F.3d 193, 196 (2d Cir. 2009), including Al-Muntasr's own testimony that (1) his brother and sister remained in Yemen unharmed, (2) his brother avoided danger by renouncing his succession, and (3) Al-

---

[1] Because Al-Muntasr does not challenge the pretermission of his untimely asylum claim, we consider only his withholding and CAT claims, which required proof that persecution or torture was more likely than not. See Hongsheng Leng v. Mukasey, 528 F.3d 135, 141 (2d Cir. 2008).

4

Muntasr himself had no desire to succeed to the tribal leadership. Our conclusion with respect to this issue renders it unnecessary for us to address Al-Muntasr's challenge based on the IJ's failure to make an express credibility finding.

We have considered Al-Muntasr's remaining arguments on appeal, and they are without merit. Accordingly, the petition for review is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5